**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| HUMBERTO AMEZCUA and OCTAVIOS RENE VAZQUEZ CORNEJO,<br><br>Plaintiffs,<br><br>v.<br><br>JORDAN TRANSPORT, INC.; LOU ANNE BOON; GERARD BOON; and FEDEX CUSTOM CRITICAL, INC.,<br><br>Defendants. | Case No. 2:13-cv-01608-APG-CWH<br><br>**ORDER SANCTIONING LOU ANNE BOON** |

Defendant Lou Anne Boon caused an answer to be filed in this case that was not factually supported. She admitted the plaintiffs' allegation that she was driving the truck involved in an accident when in fact her husband had been driving. (*Compare* ECF No. 1-1 at 4 (alleging Louanne Boon was driving) & ECF No. 28-7 at 1 (admitting that allegation) *with* ECF No. 28-4 at 55-56 (testifying that her husband was driving and they switched places at the scene of the accident).) She also falsely stated that she was the driver when she verified her responses to interrogatories. (*Compare* ECF No. 28-2 at 4 *with* ECF No. 28-4 at 63-64, 70.) I therefore ordered Lou Anne Boon to show cause why she should not be sanctioned under Federal Rule of Civil Procedure 11 or under the court's inherent power. ECF No. 40.

Lou Anne Boon responds by admitting she made the false statements and apologizing for her conduct. ECF No. 53-2 at 2. In terms of the appropriate sanction, if any, she argues Rule 11 does not apply because (1) the answer with the false response was filed in state court prior to this case being removed to federal court and (2) Rule 11 does not apply to discovery responses like the false interrogatory answer. She acknowledges she can be sanctioned under the court's inherent power, but she requests I consider mitigating circumstances. Specifically, she argues she has not had prior legal troubles, she has learned from her mistake and will not repeat it, and she

voluntarily corrected her false statement. She also contends she has suffered adverse consequences from her lie, including that she has damaged her husband's position in this lawsuit, ruined her credibility, agonized over her false statement, and was disqualified from driving for FedEx Custom Critical. Finally, she requests I consider that she has limited financial means.

The plaintiffs respond that Gerard Boon is also responsible for the false statements to the court and they request his answer be stricken as a sanction. Alternatively, they request Lou Anne Boon pay for all attorney's fees and costs incurred due to the deception, including preparation of discovery sent to Lou Anne Boon, deposition costs for both the Boons' depositions, costs related to the stipulation to amend the complaint, and fees incurred responding to the Boons' respective summary judgment motions.

**A. Inherent Power**

A district judge has inherent power to sanction a party who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (quotation omitted). I must exercise these inherent powers "'with restraint and discretion,'" and I must make a specific finding of bad faith or conduct tantamount to bad faith before sanctioning under my inherent power. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) (quoting *Chambers v. Nasco*, 501 U.S. 32, 44 (1991)); *Fink v. Gomez*, 239 F.3d 989, 992-93 (9th Cir. 2001). Bad faith "includes a broad range of willful improper conduct," including "delaying or disrupting the litigation or . . . hampering enforcement of a court order." *Fink*, 239 F.3d at 992 (quotation omitted); *Leon*, 464 F.3d at 961. A material false statement is sufficient grounds for a bad faith finding to support a sanction under the court's inherent power. *Whitney Bros. Co. v. Sprafkin*, 60 F.3d 8, 14 (1st Cir. 1995). Whether to impose sanctions under my inherent power lies within my discretion. *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

There is no dispute that Lou Anne Boon made a material false statement in these judicial proceedings. She acted in bad faith by knowingly and intentionally lying about who was driving the truck involved in the accident out of which this lawsuit arises. Her conduct is sanctionable under the court's inherent power.

A "primary aspect" of my discretion is "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002) (quotation omitted). I have considered the plaintiffs' request that Lou Anne Boon pay all of their fees and costs incurred in relation to certain proceedings in this case. I decline to impose that sanction because the plaintiffs likely would have expended most of these same resources even if Lou Anne Boon had been honest from the outset. Because she was present at the accident, they likely would have deposed both Boons and would have had to defend a summary judgment motion. While there are some costs that could have been avoided, Lou Anne Boon has established she would have no ability to pay a monetary sanction. *See* ECF No. 53-1 at 3-4; *Matter of Yagman*, 796 F.2d 1165, 1185 (9th Cir.), *opinion amended on denial of reh'g sub nom. In re Yagman*, 803 F.2d 1085 (9th Cir. 1986).

Additionally, I have considered her apology, which I find to be sincere. She corrected the misstatement and she has suffered collateral consequences from her conduct. Further, her credibility will be negatively impacted before the fact finder in this case, as will her husband's.

However, a knowing and intentional false statement in a judicial proceeding is a serious matter. Some additional sanction is warranted to vindicate the judicial process and to deter future misconduct. I therefore will preclude Lou Anne Boon from requesting any fees or costs as a prevailing party in this action. The plaintiffs likely would not have sued Lou Anne Boon if she had been honest, and therefore they should not have to pay costs she incurred only because she lied. Because I sanction Lou Anne Boon under the court's inherent power, I need not consider Rule 11 sanctions.

**B. Gerard Boon**

The plaintiffs request I strike Gerard Boon's answer based on his participation in an attempted fraud on the court. I deny that request because prior to imposing sanctions I must provide the party facing potential sanctions notice and an opportunity to be heard. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109-10 (9th Cir. 2005); *In re DeVille*, 361 F.3d 539, 548 (9th Cir. 2004) (stating that a court contemplating sanctions must notify the person facing potential

sanctions "both of the particular alleged misconduct and of the particular disciplinary authority under which the court is planning to proceed"). My order to show cause was directed at Lou Anne Boon only.

### D.  CONCLUSION

IT IS THEREFORE ORDERED that defendant Lou Anne Boon is **SANCTIONED** under the court's inherent powers for making false statements in her answer and in an interrogatory response in the course of these judicial proceedings. Lou Anne Boon may not seek fees or costs as a prevailing party in this action.

DATED this 27th day of May, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE