UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

HUMBERTO AMEZCUA, *et al.*,

    Plaintiffs,

v.

JORDAN TRANPORT, INC., *et al.*,

    Defendants.

Case No. 2:13-cv-01608–APG–CWH

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS**

(ECF No. #97)

       On June 16, 2016, Magistrate Judge Hoffman struck Drs. Rosler, Ferdowsian, Mortillaro and La Tourette as the plaintiffs' non-retained treating physicians and struck Rosler, Ferdowsian, and Valencia as the plaintiffs' rebuttal experts. ECF No. 84. In striking Drs. Rosler, Ferdowsian, Mortillaro and La Tourette as treating physicians, Magistrate Judge Hoffman held that the doctors may not offer expert opinion testimony but may testify as percipient witnesses. *Id*. The plaintiffs object to Magistrate Judge Hoffman's order and, in the alternative, ask me to clarify the boundaries regarding what Drs. Rosler, Ferdowsian, Mortillaro and La Tourette may testify to as percipient witnesses. ECF No. 97 at 7.

**I.    LEGAL STANDARD**

       "A district judge may reconsider any pretrial matter referred to a magistrate judge . . . when it has been shown the magistrate judge's order is clearly erroneous or contrary to law." LR IB 3-1(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010).

## II. DISCUSSION

Magistrate Judge Hoffman did not err in striking Drs. Rosler, Ferdowsian, Mortillaro and La Tourette as treating physicians because plaintiff's counsel did not provide a summary of facts and opinions that the doctors would testify to. *See* Fed. R. Civ. P. 26(a)(2)(C). Nor did Magistrate Judge Hoffman erroneously strike Drs. Rosler, Ferdowsian, and Valencia as rebuttal experts. The doctors' reports do not rebut the opinions provided by the defendant's experts. They merely state that the defendant's reports are unpersuasive; that is not rebuttal testimony. *See Downs v. River City Grp., LLC*, No. 3:11-cv-885-LRH, 2014 WL 814303, at *2 (D. Nev. Feb. 28, 2014) (citing *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991)).

Therefore, Drs. Rosler, Ferdowsian, Mortillaro and La Tourette may testify only as percipient witnesses. This means, as Magistrate Judge Hoffman stated, that they may testify "about what they saw and did in treating Plaintiffs." ECF No. 84. The scope of their testimony may include the course of treatment that each doctor directly administered to the plaintiffs and what each doctor directly observed while the plaintiffs were under the doctors' care. *See McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 934 (E.D. Ky. 2014). But the doctors may not testify about causation or their diagnoses because both are expert opinion testimony. *See id.*; *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011).

The plaintiffs cite *Carrillo v. B & J Andrews Enterprises, LLC* for the proposition that these doctors should be permitted to offer opinion testimony. *See* ECF No. 97 at 8 (citing No. 2:11-CV-01450-RCJ, 2013 WL 394207, at *8 (D. Nev. Jan. 29, 2013)). But *Carrillo* dealt with a different disclosure problem. There, the plaintiff failed to disclose a treating physician's expert report and Magistrate Judge Hoffman limited the physician's testimony to opinions formed during the course of treatment. *Id.* The plaintiffs also argue that the doctors should be permitted to testify using their medical chart. At this time, I see no reason to preclude the doctors from using their medical chart to refresh their recollection so long as the chart is not used to introduce opinion or expert testimony.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the plaintiffs' **objections (ECF No. 97) are OVERRULED.**

DATED this 18th day of July, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE