UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HUMBERTO AMEZCUA and OCTAVIOS RENE VAZQUEZ CORNEJO,<br><br>Plaintiffs,<br><br>v.<br><br>JORDAN TRANSPORT, INC.; LOU ANNE BOON; GERARD BOON; and FEDEX CUSTOM CRITICAL, INC.,<br><br>Defendants. | Case No. 2:13-cv-01608-APG-CWH<br><br>**ORDER GRANTING IN PART DEFENDANT GERARD BOON'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS**<br><br>(ECF No. 153) |

After prevailing at trial, defendant Gerald Boon moved for an award of attorney's fees and nontaxable costs. ECF No. 153.  I grant Boon's motion in part.

**<u>Attorney's Fees</u>**

On July 5, 2016, Boon sent the plaintiffs offers of judgment under Federal Rule of Civil Procedure 68 stating that he would allow Amezcua to take judgment against him for $50,000 and Cornejo to take judgment against him for $75,000. ECF Nos. 153-1; 153-2.  The plaintiffs rejected the offers and the case continued to trial.  Boon eventually obtained a defense verdict and a judgment in his favor on all claims. ECF No. 147.  Boon contends that he is entitled to recover his attorney's fees because the plaintiffs did not obtain a judgment more favorable than Boon's offers of judgment.

No federal rule or statute provides for recovery of attorney's fees in this type of case. "Federal Rule 68 is inapplicable in a case in which the defendant obtains judgment." *MRO Communications v. AT&T*, 197 F.3d 1276, 1280 (9th Cir.1999) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)).  However, when a defendant prevails over his own offer of judgment, the judge retains discretion under Federal Rule of Civil Procedure 54(d) to award fees and costs. *Id.*

"Federal Rule of Civil Procedure 54(d)(2) sets forth the procedure for obtaining an award of attorneys' fees in federal court. It does not, however, provide the substantive basis for such an award. Fees are recoverable only if there is a rule, statute, or contract that authorizes such an award." *Beach v. Wal-Mart Stores, Inc.*, 958 F. Supp. 2d 1165, 1169 (D. Nev. 2013) (citing *MRO Communications*, 197 F.3d at 1281). Boon relies on Nevada's offer of judgment rule, which provides:

> If the offeree rejects an offer and fails to obtain a more favorable judgment . . . the offeree shall pay the offeror's post-offer costs, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney's fees, if any be allowed, actually incurred by the offeror from the time of the offer.

Nev. R. Civ. P. 68(f)(2). "In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) (citations omitted). Nevada's offer of judgment rule is not counter to any applicable federal statute or rule, and it reflects a substantial policy of Nevada to encourage settlement and award fees as a result of a rejected offer of judgment.[1]

The plaintiffs object to Boon's fee request because his offers of judgment were made under Federal Rule of Civil Procedure 68, not under Nevada Rule 68. ECF No. 156 at 3. However, the offer in *MRO Communications* was made only under Federal Rule 68, yet the Ninth Circuit upheld fees awarded under Nevada state law. 197 F.3d at 1279. And contrary to the plaintiffs' argument, the fact that the defendants removed this case from state court does not change the analysis. ECF No. 156 at 5-6. The plaintiff in *Beach* filed her complaint in state court

---

[1] Nevada's related offer of judgment statute (Nev. Rev. Stat. §17.115) was repealed by the Nevada Legislature in 2015 to eliminate inconsistencies between the statute and Nevada's Rule 68. *Hearing on Assembly Bill 69 Before the Senate Committee on Judiciary,* Seventy-Eighth Sess., May 12, 2015 (statement of Chairman Brower). It was "the general consensus . . . that the Rule 68 version is preferable." *Id.* Thus, repeal of the statute did not change the public policy of Nevada favoring settlements by awarding fees in connection with offers of judgment.

and the defendant removed it to federal court, yet Judge McKibben awarded fees based on an offer of judgment. 958 F. Supp. 2d at 1169.

Finally, the plaintiffs argue that even though they lost at trial, they still "recovered" more than Boon offered. ECF No. 156 at 7-9. The plaintiffs' twisted logic misconstrues Boon's offers and Rule 68. Had the plaintiffs accepted Boon's offers, they would have received far more than they obtained at trial, which was nothing. Because they rejected those offers and failed to obtain a more favorable result, under Nevada Rule of Civil Procedure 68 Boon may recover reasonable attorney's fees incurred after his offers, subject to the factors set forth in *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983).

In determining the fees to award, I must consider four factors: (1) whether the plaintiffs' claims were litigated in good faith; (2) whether Boon's offers of judgment were reasonable and in good faith in both timing and amount; (3) whether the plaintiffs' decision to reject the offers and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by Boon are reasonable and justified in amount. *Beattie*, 668 P.2d at 274; *Yamaha Motor Co. v. Arnoult*, 955 P.2d 661, 673 (Nev. 1998). No one factor is controlling and fees may be awarded even if the plaintiffs' claims were litigated in good faith and it was reasonable to reject the offers. *RTTC Comm., LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 29-30 (Nev. 2005).

The plaintiffs' claims were litigated in good faith and their rejection of Boon's offers, while very risky, was not grossly unreasonable or in bad faith. The plaintiffs had waived their right to recover for their medical bills and thus at trial sought to recover only for their pain and suffering. They believed they would prevail at trial because this was a simple rear-end accident case and Mr. and Mrs. Boon had admitted they lied about who was driving the truck at the time of the accident. While rejection of the offers was a poor choice in hindsight, that does not mean it was grossly unreasonable. *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, No. 2:09-cv-1182-JCM-PAL, 2012 WL 6626809, at *3 (D. Nev. Dec. 19, 2012) ("Grossly unreasonable or bad faith rises to a much higher level than poor judgment or incorrect tactical decisions.").

Given that the plaintiffs were not seeking recovery for medical bills and that there were serious questions about liability, Boon's offers were reasonable in amount. The offers likewise were reasonable in time, as they were made three weeks prior to trial; by then the plaintiffs were well aware of all relevant facts and could effectively evaluate their claims and Boon's offers.

Finally, the fees sought by Boon are reasonable and justified. I have considered the factors set forth in *Brunzell v. Golden Gate Nat'l Bank*, 455 P. 2d 31, 33 (Nev. 1969)[2] and in Local Rule 54-14(b). Boon's lawyer is a skilled professional with significant experience and an excellent rating. His hourly rate of $175.00 is low for a lawyer of his qualifications in this market, particularly in comparison to the rates charged by the plaintiffs' counsel. *Compare* ECF No. 153-3 at 2 (Boon's counsel charged $175.00 per hour) *with* ECF No. 156 at 8 (plaintiffs' primary counsel charges $500.00 - $750.00 per hour and secondary counsel charges $350.00 per hour). This was not a difficult case involving novel legal issues; nevertheless, the plaintiffs sought over $1,750,000 at trial so a vigorous defense was required. And the result confirms the lawyer's efforts as Boon obtained a defense verdict on the plaintiffs' claims. My review of Boon's legal bills confirms that the rates charged and most of the time spent on the various tasks were reasonable and appropriate. I will, however, deny Boon's request for fees incurred for his lawyer's contact with Nevada Bar Counsel and preparation of a Bar complaint against the plaintiffs' lawyer. Those fees are not directly related to this litigation. Thus, Boon's fee request will be reduced by $140.00 (0.8 hours x $175.00).

Finally, the plaintiffs contend Boon should not recover for any fees incurred after the jury verdict because fees are allowed under the rule only through the date of the judgment, and the judgment should have been entered immediately after the verdict. ECF No. 156 at 17 (citing *Beach*, 958 F. Supp. 2d 1165). The plaintiffs misread Rule 68. The rule states that "the offeree

---

[2] Those factors are "(1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived." 455 P. 2d at 33 (citation omitted).

shall pay the offeror's post-offer costs, **applicable interest on the judgment from the time of the offer to the time of entry of the judgment** and reasonable attorney's fees, if any be allowed, actually incurred by the offeror from the time of the offer." Nev. R. Civ. P. 68(f)(2) (emphasis added). Thus, while the rule allows "applicable interest on the judgment [up to] the time of entry of the judgment," costs and attorney's fees are not so limited—there is no end date. Indeed, the Supreme Court of Nevada has confirmed "that the fee-shifting provisions in NRCP 68 . . . extend to fees incurred on and after appeal." *In re Estate of Miller*, 216 P.3d 239, 243 (2009). *See also Garmong v. Rogney & Sons Const.*, Nev. S. Ct. Case No. 60517, 2014 WL 1319071, at *4 (Nev. Mar. 31, 2014) ("Our holding in *In re Estate of Miller* makes clear that a district court has authority to award a prevailing party appellate attorney fees."). Thus, it is irrelevant when the judgment was entered and whether there was any abnormal delay in entry of the judgment in this case (there was not). There is no reason to deviate from the plain language of the rule to cut off Boon's recovery at the date of the verdict.

Boon is entitled to recover $32,987.50 in attorney's fees.

**Non-taxable costs**

I also have discretion to award Boon his nontaxable expenses under Federal Rule of Civil Procedure 54(d) and Nevada Rule of Civil Procedure 68. *Dietrich v. John Ascuaga's Nugget,* No. 3:04-cv-0468, 2007 WL 1101232, at *1 (D. Nev. April 10, 2007).

The plaintiffs seek to avoid paying Boon's nontaxable costs by claiming they are indigent. ECF No. 156 at 10-11. Yet the plaintiffs offer no proof of that claim.[3] They merely assert that "Humberto is not working" (ECF No. 156 at 10:27) and that "Plaintiffs are low level workers working for a very minimal amount, if at all . . . ." (*Id.* at 11:8). Although a party's limited financial resources can form the basis for denial of an award of costs (*Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Circ. 2014)), it is not mandatory, and here the unsupported allegations are not sufficient to overcome Boon's request for nontaxable expenses.

---

[3] The plaintiffs' counsel is well aware of the need for evidentiary support for allegations like this. *See Terryberry v. Liberty Mutual Fire Ins. Co.*, Case No. 2:13-cv-658-GMN-CWH, ECF No. 80 (9/03/15 Order from Magistrate Judge Hoffman) at 4.

Boon seeks reimbursement of $5,371.25 for a jury consultant. That expense was not necessary in a case like this and Boon has not shown that it "is the prevailing practice in this community" for lawyers to bill jury consultant fees separate from their hourly rates. *Beach*, 958 F. Supp. 2d at 1176; *see also Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) ("Fees for work performed by non-attorneys . . . may be billed separately, at market rates, if this is 'the prevailing practice in a given community.'").[4] This expense is denied.

Boon seeks to recover roundtrip airfare and hotel lodging for himself and his wife to attend the trial. The receipts for airfare of $2,178.40 that Boon provided are reasonable and will be allowed. However, the hotel receipts attached to the motion show the bill was $1,109.92, not the $2,122.00 requested in the motion. (*Compare* ECF No. 153-5 at 7-9 *with* ECF No. 153 at 10:18-19). The reduced amount of these hotel expenses is reasonable and I will allow recovery of $1,109.92.

Finally, Boon seeks to recover $11,300 for his two medical experts. ECF 153 at 11. "Because reimbursement of expert witnesses fees is an issue of trial procedure, federal law" governs Boon's request for expert fees. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995). Witness fees are limited to $40 per day under 28 U.S.C. § 1821(b), and expert fees are not taxable under 28 U.S.C. § 1920. "The court may not use other cost provisions like 28 U.S.C. § 1920 or Federal Rule of Civil Procedure 54(d) to circumvent section 1821(b)." *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). *See also Beach*, 958 F. Supp. 2d at 1176 (same); Local Rule 54-11(h) (expert witness fees are not ordinarily allowed). Thus, I will not award expert fees.

---

[4] I allowed Boon to recover attorney's fees for his lawyer's time speaking with the jury consultant as a reasonable trial preparation exercise. Presumably, the lawyer could have consulted books, data, or other research to prepare for jury selection; his consultation with a live person does not alter the nature of or need for such trial preparation work. But that does not necessarily justify billing the fees of the consultant.

1  IT IS HEREBY ORDERED that defendant Gerrard Boon's motion for attorney's and nontaxable expenses **(ECF No. 153) is GRANTED IN PART**. Boon is awarded $32,987.50 in attorney's fees and $3,288.32 in nontaxable expenses.

DATED this 31st day of March, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE