UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HUMBERTO AMEZCUA and OCTAVIOS RENE VAZQUEZ CORNEJO,<br><br>Plaintiffs,<br><br>v.<br><br>JORDAN TRANSPORT, INC.; LOU ANNE BOON; GERARD BOON; and FEDEX CUSTOM CRITICAL, INC.,<br><br>Defendants. | Case No. 2:13-cv-01608-APG-CWH<br><br>**ORDER DENYING MOTION FOR NEW TRIAL**<br><br>(ECF Nos. 159, 172) |

The plaintiffs move for a new trial, asserting a host of reasons. ECF Nos. 159, 172. None of those reasons is well-taken. The verdict was not contrary to the clear weight of the evidence and there has been no miscarriage of justice. Thus, I deny the request for a new trial.

The Ninth Circuit has "held that '[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000)). *See also, Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990) (quoting *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir. 1957)) (The district court has "the duty . . . to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence.").

In this case, the plaintiffs object to some of the questions asked of the jury panel during voir dire. ECF No. 172 at 4-7. The questions asked were neither inflammatory nor prejudicial to the plaintiffs, and counsel did not object. Moreover, counsel for the parties were offered the opportunity to call all of the members of the venire panel to sidebar to question them about issues

raised during voir dire. "It is wholly within the judge's discretion to reject supplemental questions proposed by counsel if the voir dire is otherwise reasonably sufficient to test the jury for bias or partiality." *United States v. Powell*, 932 F.2d 1337, 1340 (9th Cir. 1991), *cert. denied*, 502 U.S. 891 (1991).

The plaintiffs complain that they had to use peremptory challenges on two panel members (A.J. and R.C.) that should have been excused for cause. This complaint is of no merit. Neither A.J. nor R.C. gave sufficient reason to remove them from the panel for cause and both confirmed they could be fair and impartial. And even if they should have been excused for cause, "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988). No plain error occurred during voir dire or jury selection.

The bulk of the plaintiffs' motion argues that defense counsel committed misconduct during the trial in several ways. ECF No. 172 at 7-18. The plaintiffs' counsel did not object during trial to most of the alleged misconduct.

"A new trial should be granted only where the "'flavor of misconduct . . . sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 516–17 (9th Cir. 2004) (citations omitted). "There is an even 'high[er] threshold' for granting a new trial where, as here, defendants failed to object to the alleged misconduct during trial." *Id.* (quoting *Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*, 785 F.2d 656, 658 (9th Cir. 1986)). I thus review for plain or fundamental error. *Id.* "Plain error is a rare species in civil litigation encompassing only those errors that reach the pinnacle of fault . . . ." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002) (citation omitted).

The defense counsel's statements during opening statements (about the accident being a "trap" and the plaintiffs' credibility) were not improper but instead were based on what was reasonably expected to be presented at trial. And his statements about his clients' story did not constitute improper vouching.

The plaintiffs incorrectly argue that defense counsel referred to the plaintiffs' race or skin type. To the contrary, only the plaintiffs' counsel raised this issue, when she questioned the testifying doctors whether they would decline to treat a patient because of the color of his skin. She also referred to her clients' skin color during her closing argument.

The plaintiffs' remaining allegations about the defense counsel's statements and actions do not rise to the level of misconduct. Nor did defense counsel's actions permeate the entire trial to a level that would justify a new trial. *Kehr v. Smith Barney*, 736 F.2d 1283, 1286 (9th Cir. 1984).

The plaintiffs next object that I failed to grant the cross-motions for mistrial on the second day of the trial. ECF No. 172 at 18-19. The plaintiffs offer nothing new on this point, and my refusal to grant a mistrial was not error. I deny this portion of the motion.

The plaintiffs object that I failed to grant their motion for judgment as a matter of law. *Id.* at 19-20. Again, the plaintiffs offer nothing new on this point, and my refusal to grant the motion was not error. I deny this portion of the motion.

Finally, the plaintiffs object about evidentiary rulings made before and during the trial. *Id.* at 20-25. The plaintiffs offer no new arguments on these issues, and my rulings do not constitute error. Moreover, to the extent the plaintiffs' arguments relate to damages evidence, those arguments are moot because the jury ruled against the plaintiffs on liability and thus did not get to damages. I deny this portion of the motion.

In sum, the defendants' response to the plaintiffs' motion for new trial adequately counters each of the plaintiffs' arguments. I have reviewed each of the plaintiffs' proffered reasons for a new trial, and none of them (individually or collectively) justifies a new trial. I therefore deny the motion.

IT IS HEREBY ORDERED that the plaintiffs' motion for new trial **(ECF Nos. 159, 172) is denied.**

DATED this 3rd day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE